UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
MARIA LAURA TOMA,                                                  :    15-CV-6047 (ARR) (RER)
                                                                   :
                        Plaintiff,                                 :    <u>NOT FOR ELECTRONIC
                                                                   :    OR PRINT PUBLICATION</u>
        -against-                                                  :
                                                                   :    <u>OPINION & ORDER</u>
DEPARTMENT OF HOMELAND SECURITY                                    :
and FEDERAL BUREAU OF INVESTIGATION,                               :
                                                                   :
                        Defendants.                                :
                                                                   :
------------------------------------------------------------------ X

ROSS, United States District Judge:

On October 21, 2015, pro se plaintiff Maria Laura Toma filed this action against the Department of Homeland Security and the Federal Bureau of Investigation under 42 U.S.C. § 1983. See Compl., Dkt. #1. On October 28, 2015, plaintiff filed an order to show cause for a temporary restraining order and preliminary injunction. See Mot. for Order to Show Cause, Dkt. #4. For the reasons set forth below, plaintiff's motion is denied.

## BACKGROUND

On October 21, 2015, plaintiff filed her complaint and paid the statutory filing fee to commence this action. According to plaintiff's complaint, she entered the United States on a tourist visa in April 2011. Compl., Dkt. #1, at 2. Plaintiff alleges that the Department of Homeland Security placed her on a "watch list/follow up list" at the time of her arrival because her checked luggage was locked. Id. Plaintiff contends that defendants subsequently targeted her for surveillance. Id. She alleges "many situations in which it was obvious that something suspicious [wa]s going on, weird phone calls, physically followed." Id. Plaintiff claims that the

surveillance intensified in May 2014, when she claims that the defendants enlisted several individuals "to force [her] to leave [her] school and even to leave [the] United States." Id. at 2. Plaintiff alleges various forms of ongoing "harassment, intimidation, threats, surveillance, [and] illegal searches" that she claims violate the U.S. Constitution. Id. at 3. Plaintiff's complaint seeks monetary relief in the amount of $100,000,000 as well as an injunction prohibiting further surveillance and requiring disclosure of any information defendants have collected about her or related to her. Id. at 3.

On October 28, 2015, plaintiff filed this motion. See Mot. for Order to Show Cause, Dkt. #4. Plaintiff asks the court to issue an order removing plaintiff "from a watch/follow up/surveillance list administrated by the defendants" and an order restraining defendants from "tak[ing] further action against [her] in the way that [plaintiff] describe[s] in the complaint." Id. at 1.

## STANDARD OF REVIEW

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies. See Sussman v. Crawford, 488 F.3d 136, 139 (2d Cir. 2007). "The standards for granting a TRO are the same as those governing preliminary injunctions." Javino v. Pergament, No. 13-CV-1951, 2013 WL 1952639, at *1 (E.D.N.Y. May 10, 2013). They require the moving party to demonstrate the following: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." Cnty. of Nassau, N.Y. v. Leavitt, 524 F.3d 408, 414 (2d Cir. 2008) (quoting NXIVM Corp. v. Ross Inst., 364 F.3d 471, 476 (2d Cir. 2004)). The movant must carry the burden of persuasion by a clear showing, and "[t]he district court has wide discretion in

determining whether to grant a preliminary injunction." Moore v. Consol. Edison Co. of New York, 409 F.3d 506, 511 (2d Cir. 2005).

Evidentiary hearings on motions for temporary restraining orders and preliminary injunctions are not required. See Redac Project 6426, Inc. v. Allstate Ins. Co., 402 F.2d 789, 790 (2d Cir. 1968) ("there is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it"). "[P]reliminary injunctions are denied without a hearing, despite a request for one by the movant, when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless." 11A Charles Alan Wright & Arthur R. Miller, Fed. Practice & Proc. Civ. § 2949 (3d ed. 1998).

## DISCUSSION

Plaintiff has failed to make a clear showing that she is entitled to the extraordinary relief she seeks. Even assuming arguendo that plaintiff can show irreparable harm, she cannot demonstrate a likelihood of success on the merits or even sufficiently serious questions going to the merits.

Plaintiff's complaint asserts constitutional claims against two federal agencies. An action against a federal agency or federal officers in their official capacities is treated as a suit against the United States. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). Therefore, suits against federal agencies such as the Department of Homeland Security and the Federal Bureau of Investigation are barred under the doctrine of sovereign immunity. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). Without a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over a plaintiff's claims against the United States or agencies of the United States.

See Meyer, 510 U.S. at 475. It is the plaintiff's burden to demonstrate that sovereign immunity has been waived. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Here, plaintiff's complaint does not demonstrate the requisite waiver of sovereign immunity by the United States. Thus, plaintiff's claims against the Department of Homeland Security and the Federal Bureau of Investigation are unlikely to succeed on the merits. See Meyer, 510 U.S. at 475; Gay v. Terrell, No. 12-CV-02925, 2013 WL 5437045, at *28 (E.D.N.Y. Sept. 27, 2013).

The doctrine of sovereign immunity does not bar a suit against government officials in their individual capacities. In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a person's constitutional rights. Id. at 397. Bivens actions, although not completely parallel, are the federal analog to 42 U.S.C. § 1983 actions against state actors. Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006). However, a Bivens action lies against a defendant only when the plaintiff can show the defendant's personal involvement in the constitutional violation. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006) ("[I]n Bivens actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."). Plaintiff's complaint has not named any individual defendants or alleged sufficient facts to support a claim that they had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's rights. Accordingly, even if plaintiff's complaint is liberally construed to assert a Bivens action, it is unlikely to succeed on the merits.

## CONCLUSION

Accordingly, plaintiff's motion seeking an order to show cause for a temporary restraining order and preliminary injunction is hereby denied. The action is respectfully referred to the Honorable Ramon E. Reyes, Jr., for pretrial supervision.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
 October 28, 2015